Maria H. N. Bartlett, as Executrix, etc., Respondent, v. William W. Goodrich, as Assignee, etc., Appellant.—Judgment affirmed, with costs.--

Per Curiam: From July 15, 1890, to May 24, 1894, the date of the death of Edward B. Bartlett, the legal title to the policies of insurance on his life was in him, and on his death it passed under his will to the plaintiff. The defendant insists that the equitable title to the policies was in the firm of E. B. Bartlett & Co. They never were assigned to the firm; but, in March, 1887, they were assigned by Edward B. Bartlett to Albert C. Woodruff and Henry C. Nitchie in equal shares, who, with Bartlett, were the partners composing the firm of E. B. Bartlett & Co. The legal title remained in Woodruff and Nitchie until July 15, 1890, when they reassigned the policies to Bartlett. The plaintiff is the representative of Bartlett and his creditors, and the defendant is the representative of the creditors of the firm of E. B. Bartlett & Co. and of the individual creditors of Woodruff and Nitchie, and the equities of these litigants must be worked out through the equities of the individual partners as between themselves and the firm. It is very clear that as between the three partners Bartlett was the equitable as well as the legal owner of these policies as he was between himself and the firm. The firm was at all times largely indebted to him, and at the time of his death in the sum of upwards of $127,000, and there was no obligation on his part, legal or equitable, to relinquish his individual title to the policies in favor of the firm or in favor of Woodruff and Nitchie.

The annual premiums on the policies were paid through the firm, but it is not unusual for members of firms to pay individual debts out of partnership funds, and when this is done, as in this case, with the knowledge and consent of all the partners, no wrong is done. These premiums have all been repaid to the firm since the death of Bartlett. The letters written by Bartlett and found after his death in an envelope with his will, together with a draft of an assignment, show quite conclusively that at one time he intended to reassign these policies to the firm or to Woodruff and Nitchie, but it is conceded that he never executed this intent. We think the evidence falls short of establishing an equitable title in the assignee to the fund derived from these policies, and that for the reasons given by the learned trial judge for his decision, the judgment should be affirmed, with costs. Present — Van Brunt, P. J., O'Brien and Follett, JJ.